**TORRES | TORRES STALLINGS**
**A LAW CORPORATION**
David. A. Torres, SBN 135059
1318 K. Street
Bakersfield, CA 93301
Tel: (661)326-0857
Email: dtorres@lawtorres.com

Attorney for:
ARTURO FARIAS-ZEPEDA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       vs.<br><br>ARTURO FARIAS ZEPEDA,<br><br>             Defendant | ) Case No.: 1:22-CR-00297 JLT-BAM<br>)<br>) **DEFENDANT ARTURO FARIAS**<br>) **ZEPEDA'S SENTENCING**<br>) **MEMORANDUM**<br>)<br>) Date: August 18, 2025<br>) Time: 9:00am<br>) Courtroom: 4<br>)<br>) **HONORABLE JENNIFER L. THURSTON** |

## I. INTRODUCTION

In the instant case, U.S. Probation has Mr. Farias with an OL of 37 and CHC of I. The range is 210-262 months. The government is seeking a recommendation for the low-end 210 months. In his plea agreement, Mr. Farias retained the ability to ask this court to consider a sentence which is reasonable considering his lack of criminal history and family responsibilities.

## II. RESPONSE TO OBJECTIONS

Having reviewed the responses of both USPO Ross Micheli (Doc.192-2) and AUSA Antonio Pataca (Doc. 207), the defense is prepared to submit this issue as to issue concerning *role* to the court.

## III. ARTURO FARIAS-ZEPEDA REQUESTS THIS COURT IMPOSE A SENTENCE THAT IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE OBJECTIVES SET FORTH IN 18 USC §3553(A)

This case highlights the deeply unfortunate circumstances surrounding 41-year-old Arturo Farias. He is a dedicated father and husband. Mr. Farias' arrest has deeply impacted his family, and he feels significant remorse that his actions have in effect destroyed his family unity. He informed probation his wife is depressed and stressed, and she had to start working after his arrest. He also reported his oldest son intended to enlist in the United States Army, however, after Farias' arrest, his son sought local employment to lend financial support for the family. Mr. Farias informed USPO Micheli that he feels "destroyed" and he has "lots of regrets." (PSIR, ¶ 38). The undersigned spoke with Mr. Farias telephonically on August 11th to review AUSA Antonio Pataca's Objections and Sentencing Memorandum. (Doc.207) Mr. Farias reiterated his regret for his involvement in such a repulsive crime.

The underlying facts which led to Mr. Farias' criminal conduct are egregious. Regrettably, like many individuals nationwide, the Covid epidemic affected the livelihood of families. Unfortunately, some resorted to criminal activity. The question of proper import, however, is whether a 210-month period is an appropriate sentence for a person with no prior criminal history and a young family to provide for. The defense believes a lesser sentence is appropriate and believes the prison time served will deter Mr. Farias from future criminal conduct.

1. **18 USC §3553(a) Factors**

As noted, Mr. Farias is 41 years of age, has no prior criminal history and has supported his family.

2. **Nature and circumstances of the offense.**

Mr. Farias is cognizant of the nature and severity of his conduct. Moreover, he is reminded daily of the impact and consequences his actions have had on his life and family. Although Mr. Farias will be deported to Mexico upon serving his sentence, he is not the type of person who will ever come before this court again. While on pre-trial service release, his performance has been incredibly positive. In the PSIR, AUSA Micheli noted, "On December 6, 2023, Farias-Zepeda successfully completed the location monitoring program, and the condition was removed by the Court. Farias-Zepeda has maintained a stable residence and has had no new law violations while under supervision, nor has he demonstrated any non-compliance with his conditions of release. He has also maintained regular contact with Pretrial Services. He is always cordial and responsive to Pretrial Services, and he has been very cooperative throughout his supervision period. His overall compliance with the conditions of release has been satisfactory." (PSIR, ¶ 4)

Of course, Mr. Farias is required to be in his best behavior to remain in compliance with PTS and the court's orders, but nevertheless, his courteous, kind, and modest demeanor is the type of person Mr. Farias happens to be daily. Unfortunately, he was caught up with the need to

sustain his family, combined with the greed and disregard necessary to sell narcotics. Despite his temporary unfortunate venture, he is contrite for his misguided conduct.

### 3. History and characteristics of the defendant

Mr. Farias has reached rock bottom. With a 120-month mandatory minimum sentence, Farias will spend the next decade apart from his family. Farias will no less reflect daily on the incident which led him to his monotonous life in a prison cell. Suffice it to say, this incident will deter Mr. Farias from engaging in similar conduct.

### 4. Need for the sentence to reflect the seriousness of the crime.

Any sentence will have severe consequences upon Mr. Farias' family and himself. It is true, his conduct in committing the offense was a serious breach of the law.  However, the positive step he has taken in accepting responsibility for this crime should be given consideration.

### 5. To afford adequate deterrence to criminal conduct

The guideline range is 210-262 months with a recommendation of 210 months. The defense is seeking a significant variance in sentencing. The defense believes the circumstances noted in section III, and Mr. Farias' remorse, lack of criminal history, family ties and responsibilities, relatively young age, and community ties with his local Catholic church should be given substantial consideration. This was quite a devastating and humiliating experience for Mr. Farias; however, a tremendous lesson learned in avoiding all criminal conduct in the future.

## CONCLUSION

Any sentence imposed by the court is a significant period of incarceration for a person with no criminal background, work history, and ties to the community in which he resides. Mr. Farias has displayed overwhelming remorse for his actions. He is deeply saddened by his conduct and will use this tremendous sense of guilt as a guide to ensure that he never violates the law again.

Respectfully Submitted,

DATED: August 13, 2025

/s/ *David A. Torres*
DAVID A. TORRES
Attorney for Defendant
Arturo Farias Zepeda